IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

v.

ROBERT CRENSHAW,

*Defendant.*

Criminal No. ELH-18-0069

**MEMORANDUM**

Defendant Robert Crenshaw, who is now pro se, has filed a motion for sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). ECF 78 (the "Motion"). The government opposes the Motion. ECF 83. The defendant did not reply.

No hearing is necessary. Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

**I.     Factual and Procedural Background**

On February 15, 2018, a federal grand jury returned a two-count indictment charging Crenshaw with two separate carjackings, in violation of 18 U.S.C. §§ 2119(1) and (2). ECF 1. As to the offense of September 15, 2017 (Count Two), the indictment also alleged serious bodily harm suffered by the victim. In fact, the victim was stabbed in the abdomen while in the parking lot of a popular restaurant in Baltimore. ECF 28, ¶ 6.

On April 22, 2019, pursuant to a Plea Agreement (ECF 25), Crenshaw pleaded guilty to Count Two of the Indictment. ECF 24. The plea was tendered under Fed. R. Crim. P. 11(c)(1)(C). ECF 25, ¶¶ 8, 9. In particular, the parties agreed to a sentence of 204 months of imprisonment (17 years). *Id.*

The Presentence Report (ECF 28) reflected an offense level of 32 for both carjackings. *Id.* ¶ 32. But, defendant was found to be a career offender under § 4B1.1 of the U.S. Sentencing Guidelines ("Guidelines" or U.S.S.G."). *Id.* ¶ 33; *see id.* ¶¶ 41, 44, 45. Therefore, his offense level increased to 34. *Id.* ¶ 33. After deductions for acceptance of responsibility, defendant had a final offense level of 31. *Id.* ¶ 36.

Defendant's criminal history dates to age 14. *Id.* ¶ 38. At age 16, he was charged with attempted first degree murder (*id.* ¶ 41) and convicted of first degree assault. *Id.* His record also included another carjacking offense in 2011. *Id.* ¶ 45. Of import, defendant was on probation for that offense when the underlying offenses occurred. *Id.*

Defendant's convictions resulted in a subtotal of 11 criminal history points. *Id.* ¶ 46. However, two points were added under U.S.S.G. § 4A1.1(d), because defendant committed the offenses while on probation for carjacking. *Id.* ¶ 47. Therefore, he had a total of 13 points, which resulted in a criminal history category of VI. *Id.* ¶ 48.

Notably, defendant was deemed a career offender, based on the offenses in ECF 28, ¶¶ 41, 44, and 45. *Id.* ¶ 49. On that basis, he automatically had a criminal history category of VI, under U.S.S.G. § 4B1.1(b). *See* ECF 28, ¶ 49.

Crenshaw was sentenced on August 9, 2019. ECF 32. The Court imposed the agreed upon sentence of 204 months' imprisonment, followed by five years of supervised release. ECF 33 (Judgment).

On January 10, 2020, Crenshaw filed an appeal to the United States Court of Appeals for the Fourth Circuit. ECF 35. The Fourth Circuit dismissed Crenshaw's untimely appeal on November 19, 2020. ECF 50.

While defendant's appeal to the Fourth Circuit was pending, Crenshaw filed his first pro se motion for compassionate release. ECF 45. On January 6, 2021, the Court denied Crenshaw's motion, for failure to exhaust administrative remedies. ECF 52. Thereafter, on May 27, 2022, Crenshaw filed a second pro se motion for compassionate release. ECF 58. The Federal Public Defender has declined to represent the defendant. ECF 61. Defendant filed another appeal to the Fourth Circuit, which was dismissed due to his failure to prosecute. ECF 76.

The motion to reduce sentence followed on September 3, 2024. ECF 78. On January 17, 2025, the Office of the Federal Public Defender for the District of Maryland filed a notice stating that it does not intend to supplement Crenshaw's Motion. ECF 80.

## II.    Discussion

### A.

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024); *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024); *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023); *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022); *United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020), *abrogated on other grounds by United States v. Troy*, 64 F.4th 177 (4th Cir. 2023); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." *See* 18 U.S.C. § 3582(c)(1)(B); *see also Jackson*, 952 F.3d at 495.

3

Section 3582(c)(2) of 18 U.S.C. is relevant. It permits a court to reduce the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the amendment has been made retroactively applicable and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Moore*, 2024 WL 2828103, at *1 (4th Cir. June 4, 2024) (per curiam). *Id.*; *see United States v. Barrett*, 133 F.4th 280 (4th Cir. 2025); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010)

Amendment 821 to the Guidelines went into effect on November 1, 2023. *Amendment 821*, U.S. SENT'G COMM'N, https://www.ussc.gov/guidelines/amendment/821. It "is a multi-part amendment." *United States v. Gary*, JKB-08-086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024).

Part A of Amendment 821 pertains to criminal history and so called "status points." *Id.* It amended U.S.S.G. § 4A1.1 "by redesignating subsection (d) as subsection (e) and reducing the additional criminal history points assessed to a defendant who committed his offense while under a criminal justice sentence." *Moore*, 2024 WL 2828103, at *1; *see also Barrett*, 133 F.4th at 282-83. "Criminal justice sentence" under the Guidelines includes probation, parole, supervised release, imprisonment, work release or escape status. U.S.S.G. § 4A1.1(e).

Prior to Amendment 821, two points were added to a defendant's criminal history score if the defendant committed the underlying offense while on parole, probation, or supervised release (previously codified at U.S.S.G. § 4A1.1(d)). But, Amendment 821 limits the assignment of such "status points." *See* U.S.S.G. § 4A1.1(e).

In particular, Amendment 821 permits the assignment of only one status point, not two, and then only if a defendant has seven or more criminal history points. *See* U.S.S.G. § 4A1.1(e).

4

In other words, § 4A1.1(e) eliminates any status points for a defendant who "has six or fewer criminal history points." *Id.*; *see also United States v. Law*, DKC-11-489, 2024 WL 3757902, at *1 (D. Md. Aug. 12, 2024) ("Part A . . . eliminated status points altogether for a defendant with six or fewer criminal history points."). And, a defendant who has seven or more criminal history points is only subject to a one-point increase, rather than a two-point increase. *See* U.S.S.G. § 4A1.1(e).

Part B of Amendment 821 provides for a decrease of two offense levels "[i]f the defendant meets all of the following criteria[.]" U.S.S.G. § 4C1.1(a). The criteria are, *id.*:

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;
> **(5)** the instant offense of conviction is not a sex offense;
> **(6)** the defendant did not personally cause substantial financial hardship;
> **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> **(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> **(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> **(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

In *Barrett*, 133 F.4th at 288, the Fourth Circuit stated that, as to Amendment 821, a court is "authorized" under the Sentencing Commission's policy statement § 1B1.10(b)(1) "to consider" the effect of Amendment 821 on a defendant's criminal history category under § 4A1.1 and offense level under § 2D1.1(b)(17).

The Fourth Circuit requires the district court to employ a two-step approach in considering § 3582(c)(2) motions. *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016); *United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015). "First, a court must determine the defendant's eligibility. Section 3582(c)(2) permits a reduction only if (1) the defendant's 'term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) the reduction 'is consistent with applicable policy statements issued by the Sentencing Commission.' § 3582(c)(2). Second, the court may grant the authorized reduction 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Peters*, 843 F.3d at 574 (citations omitted). "The ultimate decision of '[w]hether to reduce a sentence and to what extent' is committed to the district court's discretion." *Id.*

**B.**

As noted, the Presentence Report (ECF 28) indicates that Crenshaw received two status points because he "committed the instant offense while under a criminal justice sentence for Carjacking (Docket Number: 511083005) in the Circuit Court of Maryland for Baltimore City, Baltimore, MD (see ¶ 45)". *Id.* ¶ 47. If defendant were sentenced today, however, he only would receive one status point, under U.S.S.G. § 4A1.1(e). This would result in a score of twelve points, which equates to a criminal history category of V.

Crenshaw's total offense level of 31, coupled with a criminal history category V, would result in an advisory Guidelines range of 168 to 210 months. The sentence to which the parties agreed, and which the Court accepted, was 204 months' imprisonment, which falls within the revised Guidelines range.

Nevertheless, Amendment 821 to the U.S.S.G. does not provide Crenshaw with any relief. This is due to his status as a career offender under the Guidelines. The Presentence Report

accurately determined that Crenshaw is a career offender, pursuant to U.S.S.G. § 4B1.1. *Id.*, ¶¶ 33, 41, 44, 45, 49. As a result, Crenshaw's criminal history category is VI, regardless of the total of his criminal history points. *Id.* ¶ 49; U.S.S.G. § 4B1.1(b).

At sentencing, the Court asked counsel if there were objections to the content of the PSR. ECF 43 (Sentencing Tr.), at 9. Both lawyers stated: "No objection. . . ." *Id.* at 9-10.

The Court found that defendant qualified as a career offender, with an offense level of 34, before deductions for acceptance of responsibility. *Id.*, at 7. And, the Court noted that because defendant is a career offender, he has a criminal history category of VI. *Id.* at 8.

The Statement of Reasons (ECF 34) also reflects a final offense level of 31. This is consistent with the career offender determination.

Because Crenshaw is a career offender, his criminal history category of VI is not affected by Amendment 821. *See, e.g.*, *United States v. Gilliam*, JKB-20-0269, 2024 WL 3965589, *1 (D. Md. Aug. 28, 2024) (Bredar, J.) (recognizing that Amendment 821 was not available to defendant because his criminal history category and Guidelines range "'were dictated by his career offender status.'") (citation omitted); *United States v. Williams*, Crim. No. 20-91-01, 2024 WL 947841, at *2 (S.D. W. Va. Mar. 5, 2024) ("Even though Mr. Williams received two points for status, he is ineligible for a sentence reduction pursuant to Amendment 821. The Court determined that Mr. Williams qualified as a career offender which resulted in a Criminal History Category of VI. His guideline range was not the result of the status points he received, but rather the result of his classification as a career offender.").

### III. Conclusion

In sum, I agree with the government that Amendment 821 does not apply to Crenshaw. Therefore, I shall deny defendant's Motion. ECF 78.

An Order follows.


Date:   11/14/2025                                          /s/
                                          Ellen L. Hollander
                                          United States District Judge